116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos LARREYNAGA-GOMEZ Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1997.
Decided June 9, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aag-urb-xoc.
 Before: HUG, Chief Judge, GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Larreynaga-Gomez petitions for review of the INS's denial of his application for asylum and withholding of deportation. We deny the petition. Under the changed conditions in El Salvador, Mr. Larreynaga does not have a well-founded fear of future persecution. Also, the Board did not abuse its discretion in finding that the persecution suffered by Mr. Larreynaga was not so atrocious as to justify a grant of asylum on the basis of past persecution alone.
 
 
 3
 I. Mr. Larreynaga lived in the village of Nombre de Deos, in the state of Cabanas, El Salvador, where there was extensive guerilla activity during the Salvadoran Civil War. He was conscripted into the Civil Patrol, a local militia formed by the government forces to protect the village from the guerillas. In October 1992, the guerillas came to the family home, fired weapons, forced their way in, and beat up the whole family. Mr. Larreynaga suffered a broken arm. The guerillas threatened to kill him and his family if they did not leave El Salvador. Shortly thereafter, Mr. Larreynaga left El Salvador for the United States. He illegally entered the United States in October 1992.
 
 
 4
 In December 1992, Mr. Larreynaga applied for asylum in the United States. His application was denied and the INS instituted deportation proceedings. Mr. Larreynaga conceded deportability, but renewed his application for asylum. After a hearing, the IJ found that Mr. Larreynaga had not demonstrated either past persecution or fear of future persecution. On appeal, the Board left open the issue of past persecution, but found that he had no fear of future persecution because of changed conditions in El Salvador. Further, the Board determined that whatever past persecution Mr. Larreynaga had suffered was not so atrocious as to justify a grant of asylum on the basis of past persecution alone. Mr. Larreynaga then filed this petition for review.
 
 II.
 
 5
 The Attorney General may grant asylum to any alien determined to be a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is an alien who is unwilling to return to his country of origin "because of persecution ... on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The petitioner bears the burden of proof. 8 C.F.R. § 208.13(a). An applicant may establish eligibility for asylum based either on past persecution or on a well-founded fear of future persecution. Singh v. Ilchert, 63 F.3d 1501, 1505 (9th Cir.1995).
 
 
 6
 Once an applicant establishes past persecution, he enjoys a presumption that he also has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1)(i). The presumption of future persecution can be rebutted by the INS. Id. The INS may rebut this presumption by proving, by a preponderance of the evidence, that conditions have so changed in the applicant's country of origin such that he no longer would fear future prosecution. See Ilchert, 63 F.3d at 1510; Kazlauskas v. INS, 46 F.3d 902, 906-07 (9th Cir.1995); Matter of Chen, Int. Dec. 3104 (BIA 1989). To show changed country conditions, the INS may rely on documents or "country reports." See Berroteran-Melendez v. INS, 955 F.2d 1251, 1257 (9th Cir.1992).
 
 
 7
 An applicant may also establish a statutory right to asylum on the basis of past persecution alone. In this case, the BIA may grant asylum for "compelling reasons" where the applicant has suffered "atrocious forms of persecution". Matter of Chen, Int. Dec. 3104 (BIA 1989); 8 C.F.R. § 208.13(b)(1)(ii); accord Acewicz v. INS, 984 F.2d 1056, 1065 (9th Cir.1993).
 
 III.
 
 8
 In this case, the Board found that even if Mr. Larreynaga had established past persecution, he did not establish a fear of future persecution. The "presumption is overcome on this record because of changes due to the peace process." The Board noted that State Department country reports document "sweeping changes" in El Salvador since the December 1992 U.N.-brokered peace accords. A.R. 003. The Board also noted from the report that guerilla ex-combatants were not spread throughout the country, but were concentrated in certain departments.
 
 
 9
 The Board's conclusion is supported by substantial evidence. The country report notes that there has been progress towards peace in El Salvador and there is a lessening of violence. Mr. Larreynaga's father, who was also a member of the Civil Patrol, has not been bothered by guerillas. Mr. Larreynaga has presented no evidence to suggest that the guerillas were motivated against him personally. It is therefore reasonable to believe that Larreynaga would no longer be threatened by the guerillas.
 
 
 10
 The Board also found that Mr. Larreynaga was not entitled to asylum based on past persecution alone. The Board contrasted the persecution in Chen to the persecution in this case. In Chen, the victim was left physically debilitated, needing a hearing aid, anxious, fearful, and often suicidal. In this case, Mr. Larreynaga was thrown to the ground and hit with a rifle all over his body. Although his left forearm was broken, it fortunately healed.
 
 
 11
 The Board did not abuse its discretion in finding Larreynaga's persecution less atrocious than Chen. The persecution in Chen continued over the lifetime of the victim. It left continuing effects on its victim. Neither of these factors is present here.
 
 
 12
 The petition is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3